FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 1 2 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ERIC L. LUCAS,

                                    Petitioner,

           -against-

UNITED STATES OF AMERICA,

                                    Respondent.
-------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-2229 (CBA)

AMON, Chief United States District Judge:

Eric Lucas, pro se, has moved the Court for an order recommending that the Bureau of

Prisons ("BOP") move the Court to modify Lucas's sentence pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(i), which permits the BOP to move for what is sometimes called "compassionate

release." The motion is denied.

## BACKGROUND

### I. Conviction and Sentence

In 1993, Lucas and a co-defendant, who had both pleaded guilty, were sentenced on one

count of racketeering, 18 U.S.C. § 1962(c), (d), and one count of conspiracy to distribute an

unspecified quantity of narcotics, 21 U.S.C. §§ 841(a), 846. They received sentences of twenty

years' imprisonment on the racketeering count and twenty five years' imprisonment on the

conspiracy count, the sentences to run concurrently.

The defendants subsequently moved the district court pursuant to Fed. R. Crim. P. 35,

arguing that the twenty five year sentence on the conspiracy count exceeded the permissible

maximum penalty for conspiring to distribute an unspecified quantity of narcotics. They relied

upon the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000). They asked to be re-sentenced.

1

In 2004, the district court vacated the defendants' sentences on the narcotics conspiracy count and re-sentenced each defendant to a term of five years' imprisonment. This time, the district court ordered the narcotics conspiracy sentence to run <u>consecutive</u> to the twenty year sentence on the racketeering count, which meant that the defendants' total term of incarceration remained twenty five years.

The parties appealed, with the defendants arguing that the district court (a) should not have ordered the narcotics conspiracy sentences to run consecutive to the racketeering sentence and (b) that the district court should have permitted the defendants an opportunity to withdraw their guilty pleas, even though the defendants had not requested an opportunity to withdraw their pleas.

The Second Circuit Court of Appeals affirmed, assuming without deciding that "an <u>Apprendi</u> claim may be raised in a Rule 35 motion challenging a sentence that became final before <u>Apprendi</u> was decided." <u>United States v. Lucas</u>, 129 F. App'x 650 (2d Cir. 2005).

**II. Motion to Modify a Term of Imprisonment**

On March 31, 2011, Lucas filed a motion styled a "motion to modify an imposed term of imprisonment" in the United States District Court for the Middle District of Pennsylvania, where Lucas had been convicted in 2003 of possession of contraband (heroin) in prison, 18 U.S.C. § 1791(a)(2). <u>See</u> D.E. # 23, 03-CR-120 (M.D. Pa.).

In that motion, Lucas asked that the district court recommend to the BOP that it move the court for a sentence modification pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). That provision provides that "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such reduction."

Lucas urged that modification was appropriate because (a) in 2004, at re-sentencing in Lucas's New York case, the district court had not meant to run the five year narcotics conspiracy sentence consecutive to the racketeering sentence; (b) Lucas's "lack of legal knowledge combined with [his] anxiousness to put this all behind" him caused him not to object at the 2004 re-sentencing; (c) Lucas is forty seven years old and has been incarcerated for twenty two years; (d) Lucas has lost "the entire hierarchy within his family" since his date of incarceration; (e) Lucas is married with two adult children and two grandchildren; and (f) the pain of Lucas's incarceration "is becoming unbearable" and rendering him without hope for his post-incarceration life.

On April 1, 2011, Lucas filed the same "motion to modify an imposed term of imprisonment" in this Court, requesting the same relief for the same reasons.

By order dated May 6, 2011, the United States District Court for the Middle District of Pennsylvania denied Lucas's March 31, 2011 motion. The court stated that it did "not find any of the[] reasons [offered in support of the request] sufficient to support Defendant's request, particularly in light of the facts that the sentence challenged was imposed in the United States District Court for the Eastern District of New York and Defendant's only connection to this Court is his conviction of a serious drug offense while incarcerated on the Eastern District of New York charges." D.E. # 26, 03-CR-120 (M.D. Pa.)

## DISCUSSION

As indicated, Lucas has moved the Court for an order recommending that the BOP move the Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

As an initial matter, Lucas's motion appropriately does not ask the Court to modify his sentence absent a BOP motion. See, e.g., United States v. Hudson, 44 F. App'x 457, 458 n.2

(10th Cir. 2002) ("§ 3582(c)(1)(A)(i) requires that the Director of the Bureau of Prisons make such a motion, not the prisoner"); Garcia-Giraldo v. United States, 691 F. Supp. 2d 500, 514–15 (S.D.N.Y. 2010) ("the Court lacks the power to reduce the petitioner's sentence because there has been no such motion by the Director of the Bureau of Prisons"); United States v. Traynor, No. 04-CR-0582, 2009 WL 368927 (E.D.N.Y. Feb. 13, 2009).

The motion also appropriately does not ask the Court to order the BOP to move the Court for a modification. See Defeo v. Lapin, No. 08 Civ. 7513, 2009 WL 1788056 (S.D.N.Y. June 22, 2009) (mandamus unavailable because the BOP's decision whether to move for a modification pursuant to § 3582(c)(1)(A) is discretionary).

With regard to the merit of the motion, as the United States District Court for the Middle District of Pennsylvania noted, there is some limited authority for the proposition that a district court might recommend that the BOP move for a sentence modification. In United States v. Fountain, a defendant moved the district court to modify his sentence pursuant to § 3582(c)(1)(A)(i). The district court held that it could not modify the defendant's sentence absent a BOP motion, and so denied the motion.

But, because the district court "believe[d] that there is considerable merit in the manner in which Defendant desire[d] to have his sentence modified," the court "recommend[ed] that the Director of the Bureau of Prisons file a motion to grant Defendant the modification of his sentence which he seeks." No. 91-CR-63, 1993 WL 534219 (E.D. Pa. Dec. 17, 1993).

Even supposing that the Court has the authority to recommend a modification motion, the Court declines to so recommend in this case. The Court sees no "considerable merit" in Lucas's motion, id., as Lucas has not identified any "extraordinary and compelling reasons," 18 U.S.C. § 3582(c)(1)(A), sufficient to support a modification. There is no indication that he is serving a

total term of incarceration of twenty five years because of an oversight at his re-sentencing. And the other considerations identified in support of the motion are the ordinary consequences of the long-term incarceration that accompanies conviction of serious crimes. The Court does not doubt the difficulty of Lucas's incarceration. But that difficulty does not warrant modification.

The Court notes in this regard that the BOP has "'generally restrict[ed]' the application of 18 U.S.C. § 3582(c)(1)(A)(i) to inmates who have been diagnosed with medical conditions that are terminal within one year or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care." United States v. Frazier, No. 01 Cr. 450, 2008 WL 5210022, at *1 (S.D.N.Y. Dec. 12, 2008) (internal quotation marks omitted); see also Traynor, 2009 WL 368927, at *2.

## CONCLUSION

The motion is denied. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       September 12, 2011

/S/

_____
        Carol Bagley Amon
Chief United States District Judge

5